UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED NORMAN JOHNSON, III,<br><br>Plaintiff,<br><br>v.<br><br>SYLVAN, et al.,<br><br>Defendants. | No. 2:18-cv-1929-EFB P<br><br><br><br>ORDER |

Plaintiff, a county prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff has sued defendant Sylvan – an officer of the Solano County Sheriff's Department – and the sheriff's department itself. He has failed to state a viable constitutional claim.

Plaintiff alleges that, on June 21, 2018, he was "restrained mechanically" so that a DNA sample (for paternity purposes) could be taken from him. ECF No. 1 at 3. Defendant Sylvan was tasked with applying restraints to plaintiff's legs and right arm. *Id.* Plaintiff alleges that Sylvan "placed added pressure to [his] arm restraint" and placed the leg restraints beneath plaintiff's pant legs rather than on top of them. *Id.* He argues that these actions violated his Eighth Amendment

right to be free from cruel and unusual punishment insofar as Sylvan's actions were a deliberate attempt to cause him pain and discomfort. *Id.* Plaintiff states that, as a result of the incident, he suffered "a small abrasion on [his] upper right heel area" and "tingling sensations in [his] foot and leg." *Id.*

These allegations, as currently articulated, simply do not rise to the level of severity necessary to implicate a violation of the Eighth Amendment. In *Hudson v. McMillian*, the Supreme Court cautioned that not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. Although plaintiff claims that Sylvan intended to cause plaintiff discomfort – and plaintiff offers no allegations showing how he knows this to be true – nothing in the complaint indicates that his actual use of force in applying the restraints was more than de minimis. The court notes that, while the extent of plaintiff's alleged injury is not necessarily dispositive of the issue, its limited nature weighs against the viability of this claim. *See*, *e.g.*, *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").

Further, the Solano County Sheriff's Department is not itself a valid defendant in an action pursuant to section 1983. *See United States v. Kama*, 394 F.3d 1236, 1240, (9th Cir. 2005) (noting that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983.").

Finally, the court recognizes that plaintiff has offered numerous allegations regarding his use of the prisoner grievance process. ECF No. 1 at 4-5. To the extent plaintiff seeks to state a claim based on his use of the prisoner grievance process, that claim fails. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).

/////

/////

3

## Leave to Amend

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 9, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE